Drake, Ch. J.,
dissenting:
It is with some regret that I feel constrained to dissent from the views taken by the majority of the court in this case; for, assuming the claimant’s ownership of Conn’s Island, I think compensation for the use made by the government of its property in abutting the dam against that island ought to be made. The amount allowed by the court, though much more than I would feel justified in giving if the matter were subjected to my sole judgment, is not the ground of my dissent. If I considered that in this action there could be a recovery at all, I would not base a dissent on the mere amount allowed, but would yield that point to the judgment of my brothers. The grounds of my dissent refer to other matters.
The petition presents alternative grounds of recovery; first, upon the award of the arbitrators under the agreement of arbitration entered into between the Secretary of the Interior and the claimant; and if the court should hold the latter not entitled to recover under the award, then the claimant demands, secondly, to recover damages in the nature of a quantum valébat for the use made by the government of Conn’s Island as an abutment of the dam.
I reject the recovery on the first ground, because, in my opinion, the Secretary of the Interior had not any legal authority to enter into an agreement of arbitration as a means of fixing the amount which should be paid the claimant for the use of its property. To bind the United States by arbitration, authority must be given by Congress, and no such authority was given in this case.
But if I am in error in this view, then I dissent from a recovery under the award, on two grounds: first', because the dam which the government constructed was not such as was contemplated in any one of the four plans mentioned in the award; and, secondly, because the agreement of arbitration provided that any award of the arbitrators should not be binding on the United States unless their 'Attorney-General should decide that *201 the Great Falls Manufacturing Company had a valid title to the land used by the United States at the Great Falls; and no such decision appears to have been made by that officer.
If there can be no recovery under the award, there can, in my judgment, be none under the alternative cause of action set out in the petition; for there does not appear any authority from Congress to construct the dam that was constructed, but only a general authority to construct a dam “ across the Maryland branch of the Potomac Fiver near the Great Falls.” (13 Stat. L., 384.)
If the Secretary of the Interior, in constructing sucb. a dam, needed to abut it on private property, he should have taken legal steps to secure for the government the right to do so, which could have been done in the courts of Maryland. He caused such steps to be taken, and then abandoned that mode of proceeding, and had the dam abutted on the claimant’s property without lawful authority. This was simply a tort on his part and that of the officers who acted under him; and the United States are not liable in any form in this court for damages for any tort committed by any of its officers.
The views which I have expressed in regard to the second ground of action presented by the petition do not seem to me to conflict, but to be fully in accord with those of the Supreme Court of the United States in Langford v. United States. (101 U. S. R., 341.)
That court'there said:
“ We are not prepared to deny that when the Government of the United States, by such formal proceedings as are necessary to bind it, takes for public use, as for an arsenal, custom-house, or fort, land to which it asserts no claim of title, but admits the ownership to be private or individual, there arises an implied obligation to pay the owner its just value.”
What force or effect I might consider those words to have if they stood by themselves, I need not attempt to say; for, connected as they are with other expressions, I consider them to have no bearing on the matter of this court’s jurisdiction of the second cause of action set forth in the petition.
Immediately following these words the court says:
“It is to be regretted that Congress has made no provision by any general law for ascertaining and paying this just compensation.”
*202 Afterwards, in. tbe same opinion, tbe court, referring to tbe jurisdiction of tbe Court of Claims, used tbe following explicit language:
“Tbe jurisdiction of that court bas received frequent additions by tbe reference of cases to it under special statutes, and by .other changes in tbe general law; but tbe principles originally adopted, of limiting its general jurisdiction to cases of contract, remains. There can be no reasonable doubt that this limitation to cases of contract, express or implied, was established in reference to tbe distinction between actions arising out of contracts, as distinguished from those founded on torts, which is inherent in tbe essential nature of judicial remedies under all systems, and especially under tbe system of tbe common law.
“Tbe reason for this restriction is very obvious on a moment’s reflection. While Congress might be willing to subject the government to tbe judicial enforcements of valid contracts, which could only be valid as against tbe United States when made by some officer of the government acting under lawful authority, with power vested in him to make such contracts, or to do acts which implied them, tbe very essence of a tort is that it is an unlawful act, done in violation of tbe legal rights of some one. For such acts, however high tbe position of tbe officer or agent of the government who did or commanded them, Congress did not intend to subject tbe government to tbe results of a suit in that court.”
In my opinon those words settle adversely to tbe claimant tbe question of tbe jurisdiction of this court over tbe second cause of action set forth in tbe petition.
In every view of the case, my judgment is that tbe petition should be dismissed.